UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC., *et al.*,

                    Plaintiffs,

        v.

ABC BOOKS LTD, *et al.*,

                    Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

19-CV-7642 (RA)

AMENDED ORDER

RONNIE ABRAMS, United States District Judge:

    On November 23, 2020, this Court granted default judgment for Plaintiffs against Defendants ABC Books LLC, Fidaa Hashemi, Leonard Johnson, Bronislav Teplitskiy, Challenge Book Store Pvt. Ltd., Ranjan Kumar Behera, Geoffrey Labos, Maylourd Ascrate, Soarabh Gupta, and Madhu Gupta (collectively, the "Defaulting Defendants"). Dkt. 181.[1] The Court reserved judgment on the issue of damages. Upon consideration of Plaintiffs' memorandum of law in support of their motion for default judgment, the Amended Complaint, and the supplementary letter Plaintiffs provided upon the Court's instruction, the Court hereby orders the following: Labos shall pay $100,000 in damages for every counterfeit book sold, Soarbh and Madhu Gupta shall jointly pay $150,000 in damages for every counterfeit book sold, and the remaining Defaulting Defendants shall pay $30,000 in damages for every counterfeit book sold.[2]

---

[1] Plaintiffs have since voluntarily dismissed their claims against Johnson. *See* Dkt. 205. In light of this fact, the Court rescinds its prior order awarding damages as it pertains to Mr. Johnson. *See* Dkt. 210.

[2] Plaintiffs seek damages for either trademark violation or copyright violation for each counterfeit book sold, but not both. *See* Dkt. 160 Ex. 5. Because the Court awards the same amount of damages for each trademark violation as it does for each copyright violation, it need not distinguish for which counterfeit books it awards copyright damages and for which it awards trademark damages.

**BACKGROUND**

The Court draws the following facts from Plaintiffs' memorandum of law in support of their motion for default judgment, the Amended Complaint, and Plaintiffs' supplementary letter on damages, dated December 7, 2020, Dkt. 185.

Since January 2019, Labos has been subject to a preliminary injunction in another copyright and trademark infringement action brought by several of the Plaintiffs in the instant action. *Pearson Educ., Inc. v. Labos*, No. 19-CV-487 (CM) (S.D.N.Y. 2019). According to the injunction in that action, the plaintiffs in that case were entitled to inspect Labos's books before he sold them to ensure that they were not counterfeit. Dkt. 185 (Supp. Letter on Damages) at 3. He violated that injunction by selling six counterfeit books to Plaintiffs here. *Id*.; FAC ¶ 86.

Similarly, Soarbh Gupta was previously sued by several of the Plaintiffs in the instant action for selling counterfeit textbooks. *Id*. ¶ 107. That litigation ended in a settlement, which included an injunctive provision prohibiting Soarbh Gupta from selling counterfeit textbooks. *Id*.; *see also Pearson Educ., Inc. v. Gupta*, No. 16-CV-4253 (LLS) (S.D.N.Y. Sept. 12, 2016). Soarbh Gupa violated that injunction by selling four counterfeit textbooks to Plaintiffs here. FAC ¶¶ 105, 107.

Hashemi, through his business ABC Books LLC, sold eleven counterfeit books to Plaintiffs. *Id*. ¶ 79. Hashemi's online storefront, EVO BOOKS, is registered to the Illinois address of Radius International, a Massachusetts-based company that also provides services to the Jordanian counterfeiting ring "Morena." Dkt. 185 at 3. Morena is subject to a $28 million default judgment and permanent injunction in another copyright and trademark infringement case brought by four of the instant Plaintiffs. *See Cengage Learning, Inc. v. Morena for Int'l Trading*, No. 19-CV-01727 (N.D. Ill.). Hashemi and ABC Books are not party to that litigation.

Behera, through his business Challenge Book Store Pvt. Ltd., sold thirteen counterfeit books to Plaintiffs.  FAC ¶ 81. Plaintiffs allege that Behera, through Challenge, operates an international counterfeiting ring from India.  Dkt. 185 at 4.  Beherea is allegedly affiliated with Radhika International, "a prolific infringer that has been the subject of multiple litigations." *Id*. (citing *Nat'l Fire Prot. Ass'n, Inc. v. Swets Info. Servs. Private Ltd*., No. 18-CV-6029 (KPF) (S.D.N.Y. 2018) and *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, No. 16-CV-8530 (WHP) (S.D.N.Y. 2016)).  There is no evidence that Behera and Challenge were party to those actions.  On at least one occasion, a customer left a review stating that the books Behera sold him were "knockoffs/inauthentic" and "[not] original."  FAC ¶ 84.

Teplitskiy  sold eight counterfeit books to Plaintiffs.  FAC ¶ 78.

Ascrate sold three counterfeit books to Plaintiffs.  *Id*. ¶ 97.

None of the Defaulting Defendants responded to the Amended Complaint or complied with the expedited discovery order issued by this Court.  *Id*.  ¶¶ 77, 80, 85, 91, 99, 109.  For these reasons, Plaintiffs have not been able to inspect their inventory or identify the sources of the counterfeit books they sold.  *Id*.

## DISCUSSION

The Copyright Act provides for statutory damages between $750 and $30,000 per copyright infringed, and in the case of willful copyright infringement, damages up to $150,000 per copyright infringed. 17 U.S.C. § 504(c)(1)-(2). Similarly, the Lanham Act provides for statutory damages between $1,000 and $200,000 per counterfeit mark, and in the case of willful trademark infringement, damages up to $2,000,000. 15 U.S.C. § 1117(c)(1)-(2).  Courts have wide discretion in setting an amount of statutory damages for both copyright and trademark infringements, but will consider factors including the expenses saved and the profits reaped, the revenues lost by the plaintiff, the deterrent effect on either the defendant or others besides the defendant, the defendant's cooperation, and whether the defendant's

conduct was innocent or willful. *See Union of Orthodox Jewish Congregation of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009).

Because Plaintiffs have shown only that the Defaulting Defendants each sold between three and thirteen counterfeit books, they have limited ability to show lost revenue or profits reaped. The Court recognizes, of course, that Plaintiffs' inability to prove greater damages may well be due to the Defaulting Defendants' refusal to cooperate with this litigation. That refusal to cooperate has further stymied Plaintiffs' ability to obtain information about the Defaulting Defendants' financial conditions. Without this information, it is difficult to determine with precision whether a given damages award would be adequate to deter this conduct from the Defaulting Defendants in the future.

The above facts also indicate that several of the Defaulting Defendants acted willfully. Soarbh Gupta had previously entered a settlement agreement with several of the Plaintiffs in this case, in which he agreed to cease selling counterfeit textbooks. FAC ¶ 107. Similarly, Labos is currently subject to a permanent injunction in another case brought by several of the instant Plaintiffs, which explicitly forbids him from selling counterfeit books. *Id.* ¶ 86. The Court finds this evidence, together with the allegations made in the Amended Complaint, sufficient to support a finding that Gupta and Labos acted willfully in selling counterfeit textbooks here.

The facts presented are insufficient, however, to support a finding of willfulness as to the remaining Defaulting Defendants. Plaintiffs allege that Hashemi, ABC Books, Behera, and Challenge Book Store Pvt. Ltd. acted willfully because each is affiliated with another counterfeiting outfit against whom similar litigation has previously been brought, and in at least one instance, injunctive relief has been granted. *See* Dkt. 185 at 3–4. But none of the Defaulting Defendants were party to those other lawsuits. And so while Plaintiffs may be correct that these Defendants are connected to these other

infringers, this allegation alone is insufficient to support a finding of willfulness. Accordingly, the Court will not make a finding of willfulness as to those Defaulting Defendants other than Labos and Gupta.[3]

Having considered all the available evidence, the Court deems it appropriate for Labos and the Guptas, whom the Court finds acted willfully, to pay Plaintiffs $100,000 and $150,000 in damages per counterfeit book sold, respectively. As to each of the remaining Defaulting Defendants, against whom it has not made a finding of willfulness, the Court directs them to pay Plaintiffs $30,000 in damages per counterfeit book sold.

## CONCLUSION

Accordingly, ABC Books LLC and Hashemi together shall pay Plaintiffs $330,000 in damages ($30,000 per violation for 11 books sold), Teplitskiy shall pay Plaintiffs $240,000 in damages ($30,000 per violation for eight books sold), Challenge Book Store Pvt. Ltd. and Ranjan Kumar Behera together shall pay Plaintiffs $390,000 in damages ($30,000 per violation for 13 books sold), Ascrate shall pay Plaintiffs $90,000 in damages ($30,000 per violation for three books sold), Soarbh and Madhu Gupta together shall pay Plaintiffs $600,000 in damages ($150,000 per violation for four books sold), and Labos shall pay Plaintiffs $600,000 in damages ($100,000 per violation for six books sold).

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 159 and to close this case.

SO ORDERED.

Dated:   April 22, 2021
         New York, New York

RONNIE ABRAMS
United States District Judge

---

[3] Plaintiff does not seem to assert that either Teplitskiy or Ascrate acted willfully. *See generally* Dkt. 185.